UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN NATIONAL RED CROSS,

                                      Plaintiff,

                                                                                            <u>DECISION AND ORDER</u>

                                                                                            04-CV-6027L

                  v.

THE NICHOLS TEAM, INC., et al.,

                                      Defendants.
_____

       Plaintiff, the American National Red Cross ("the Red Cross") brought this action against defendants alleging claims based on, *inter alia*, negligence, professional malpractice, and breach of contract. The lawsuit concerns the construction of a facility in West Henrietta, New York that the Red Cross was to use for the collection, analysis, storage and distribution of blood and blood products. The facility was also to include office space and an area for a high-density record storage system ("the storage system").

       In connection with the design and construction of the facility, the Red Cross contracted with defendant The Nichols Team, Inc., a design/build firm, who in turn retained other design and/or engineering professionals to assist with the project, including defendant Maximum Space Systems, Inc. (a company that designs and builds certain rolling storage units), defendant LJB Inc. (a design firm), defendant Architectura, P.C. (an architectural/engineering firm), and David C. Hurlbutt (an engineer and/or architect employed by Architectura).

       The Red Cross alleges in its complaint that, approximately three years after it began operations at the new facility, the second floor, in the vicinity of the storage system, began deflecting under the weight of the shelving and contents, requiring the Red Cross to abandon the designed use

of the storage area. (Dkt. #1). The Red Cross claims, *inter alia*, that defendants were negligent and/or committed professional malpractice in the design and construction of the facility, and that they breached their various contractual obligations. The Red Cross further alleges that its abandonment of the designed use of the storage area has caused or will cause it to incur damages to correct the design problems or obtain alternative storage space. Defendants have each answered the complaint, and have filed cross-claims against the other defendants.

On October 12, 2005, defendants/cross-claimants Architectura, P.C. and David Hurlbutt (referred to herein together as "Architectura") moved for summary judgment. (Dkt. #27). Architectura claims that it was not responsible for determining the weight of the storage system nor for the structural engineering on the project. Architectura maintains that it was not hired to do any structural engineering services under its contract, and that it was not involved in preparing a structural design sufficient to accommodate the storage system. Although Architectura acknowledges that it did contract to provide certain architectural services, it claims that it did not have any role in stamping or otherwise certifying any of the design drawings for the structural design of the building or the storage system.

In opposition to Architectura's motion, the Red Cross argues, *inter alia*, that summary judgment should be denied because discovery is needed regarding the role each of the defendants played in the overall design and construction of the facility. I agree.

Architectura's motion is premature. With the permission of the Court and the parties, formal discovery was delayed in this case while the Red Cross took steps to convert the storage area to regular office space and to reevaluate its alleged damages. To date, only some preliminary discovery has taken place. By agreement, the parties did not respond to discovery demands, nor did they begin scheduling depositions. On June 1, 2006, however, United State Magistrate Judge Marian W. Payson issued a revised scheduling order (Dkt. #39) resetting deadlines for discovery (now due July 17, 2006), expert disclosure (August 14, 2006), and dispositive motions (by January 16, 2007).

Pursuant to FED. R. CIV. P. 56(f), the Court may deny summary judgment where the opposing party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." To defeat summary judgment pursuant to Rule 56(f), plaintiff must describe the information sought in discovery and how it will be obtained, explain how that information is reasonably expected to raise a genuine issue of material fact, the efforts to date to obtain the information, and why those efforts have been unsuccessful. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994) (citing *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir.1989)).

The Red Cross has made the necessary showing under Rule 56(f). The Red Cross argues that discovery is needed regarding the role that each defendant played in the design and construction of the high-density storage area. The Red Cross alleges that the contract and fee agreement between Nichols and Architectura is broadly worded and includes services that could include the design and engineering of the storage area. It also claims that Architectura was retained by Nichols in order that the project be in compliance with Articles 145 and 147 of the New York Education Law, which require that all architectural and engineering services be performed in New York State by architects and engineers licensed by the State Education Department.

It seems clear that these and other issues cannot be resolved until the parties have completed discovery. This is not a case where a party is opposing summary judgment based solely on the mere hope that further evidence may develop prior to trial that could possibly support its claim. *See Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir.1991); *see also Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 725 F.Supp. 669, 680 (N.D.N.Y.1989) (while "Rule 56(f) discovery is specifically designed to enable a plaintiff to fill material evidentiary gaps in its case . . . it does not permit a plaintiff to engage in a 'fishing expedition' ")(citations omitted), *aff'd* 996 F.2d 537 (2d Cir.1993)).

Rather, the Red Cross has set forth the information it seeks that it reasonably expects will raise a genuine issue of material fact, and it should be permitted an opportunity to pursue reasonable

discovery on these issues.[1] *See Robinson v. Transworld Airlines, Inc.*, 947 F.2d 40, 43 (2d Cir.1991) (plaintiff permitted to discovery before having to oppose summary judgment where defendant had not provided that discovery before it filed its summary judgment motion); *Khalil v. Farash Corp.*, 260 F.Supp.2d 582, 591 (W.D.N.Y.2003) (denying summary judgment pursuant to Fed. R. Civ. P. 56(f) to allow plaintiff to engage in discovery on issues related to defendant's liability).

## CONCLUSION

Architectura's motion for summary judgment is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        June 16, 2006.

---

[1] That Architectura has offered to make its project file available to the Red Cross for inspection and copying does not alter the outcome of this motion. (Dkt. #34). Documentary evidence is only one kind of discovery to which a party may be entitled. Furthermore, it appears that the parties sought permission from the Court to extend the discovery schedule, and Architectura could have objected. Nor can Architectura be heard to complain that the Red Cross has not answered its interrogatories, as it never moved to compel the Red Cross to do so. Although discovery in this case has been somewhat delayed, it appears that it is currently underway. Architectura will suffer no prejudice by allowing this process to go forward, and it can file a subsequent motion for summary judgment at the conclusion of that process.